Burket, J.:
The title and first section of the act are as follows: “An act providing for an Excise Tax on Express Companies. Section 1. Be .it enacted by the general assembly of the s'tate of Ohio, That any person or persons, joint stock association or corporation, wherever organized or incorporated, engaged in the business of conveying to, from or through this state, or any part thereof, money, packages, gold, silver, plate or other article, by express, not including the ordinary lines of transportation of merchandise and property in this state, shall be deemed to be an express company.”
By the second section every express company doing business in this state, is required to make under oath and file with the auditor of state, *77 between the first and thirty-first days of May in each year, a statement of its business for the preeeeding year. The auditor of state, treasurer of state and attorney general are by the fourth section constituted a board of appraisers and assessors, to ascertain the gross receipts of such express company for business done in Ohio, during the year next preceeding.
Part of section six is as follows: “It shall be the duty of the auditor of state, in the month of November, annually, to charge and collect from each express company doing business in this state, a sum, in the nature of an excise tax, to be computed by taking two per cent, of the amount fixed by the state board of appraisers and assessors as the gross receipts of such company for business done within the state of Ohio for the year next preceeding the first day of May, and certified to the auditor of state; provided, nothing contained in this act shall exempt or release express companies from the assessment and taxation of their tangible property in the manner authorized and provided by law. All taxes collected by the auditor of state under the provisions of this act, shall be paid into the state treasury, and be credited to the general revenue fund.”
The petition avers that the company is a joint stock association and corporation, organized under the laws of the state of New York, engaged in the express business in this state. Service of summons was made in the same manner as is required in actions against a corporation.
A motion duly sworn to was filed to set aside and quash the service, upon the ground that the company is not a corporation but a copartnership.
*78 To this motion the state answered, denying that the company is a copartnership, and averring that it is in effect a corporation.
Upon the hearing the court of common pleas sustained the service, and the company excepted, and filed a bill of exceptions containing all the evidence heard on the motion. The ruling- on this motion is one of the assignments of error.
Upon the law and evidence, the court of common pleas held that such a joint stock company in the state of New York has all the attributes, powers, immunities and liabilities of a corporation, except that the stockholders are each liable for its debts. This liability does not destroy its character as a corporation. In many of the states, stockholders are by statute made personally liable for all debts for labor, and for some other kinds of debts. Unless prohibited by a constitution, stockholders may be made liable by statute for all the debts of the corporation, the same as copartners. In this state, under the constitution, the liability of a stockholder in a corporation, must be at least in a further sum equal to the amount of his stock, and ; fc may be as much more as the general assembly shall prescribe. The express company having- all-the attributes azid powers of a corporation, is none the less a corporation because its. stockholders are individually liable for its debts; and having such attributes and powers, and beizig ! .> ? '' cd and regarded in the state of New York wee-e it was organized, as being substantially a corporation, it should be so held here. People ex rel. Platt v. Wemple, 117 N. Y. 136.
The case of Platt v. Colvin et al. 50 Ohio State, 703, was decided upon the averments of the petition, conceded to-be true by a demurrer, without *79 inquiry upon evidence as to the real character of the company, and the ruling upon that demurrer was not a determination by this court as to the real character of the company. It was only saying that upon the facts there stated' the action could be maintained by the president, for himself and his associates, who were too numerous to bring upon the record. In the case of a partnership, the action must be brought in the firm name,- or by all the partners, and cannot be brought by the president for himself and associates. The case of Platt v. Colvin, supra, is therefore not an authority in favor of plaintiff in error. Such joint stock companies are nearer in character to corporations than to co-partnerships, and as we have no statute prescribing the manner of service on such companies, they cannot be heard to complain, while doing business in this state, because in actions against them they are treated as corporations. There was therefore no error in the manner of service.
It is also urged that the act in question is unconsitutional for the reason, as claimed, that the act does not tax foreign corporations for the privilege of exercising their corporate franchises in-this state, and is not a tax imposed as a police regulation, but expressly in terms for general revenue; Counsel for plaintiff in error in their brief say that the real question is: “Whether it is competent under our constitution for the legislature, in the exercise of the taxing power, and for the sole purpose of raising general revenue, to select a single business, and to impose upon the persons- engaged in that business, and upop none others, an arbitrary discriminating excise tax, in *80 addition to a tax upon their property, for the privilege of carrying on that business.”
But this is not the question. If it was, it might not be difficult to show, by correct reasoning along the lines of the constitution, that the power exists to levy an excise tax upon franchises and privileges. The limitations upon such power need not be here considered, because the real question in this case is the same as that decided in Telegraph Co. v. Mayer, 28 Ohio State, 521.
What is known as the Nichols law, held constitutional in State ex rel. v. Jones, 51 Ohio State 492, imposes a tax upon property only, and does not impose any tax for the privilege of exercising a franchise in this state. Before the passage of the Nichols law express companies were taxed on the property within this state under section 2744, Revised Statutes, the same as other corporations, and they paid a tax under section 2778, for the privilege of doing business in this state. The Nichols law prescribed new rules for ascertaining and valuing the property of express companies, so as to largely increase the valuation of their property for the purposes of taxation, and repealed the tax for the privilege of doing business in this state. The statute in question again enacted the tax for the privilege of doing business in the state, and named it an “excise tax.” This tax is the same as that under the statute in question in Telegraph Co. v. Mayer, 28 Ohio State, 521, and having been held, as we think rightly, constitutional then, it must be held constitutional now.
The plaintiff in error is, in character at least, a foreign corporation, and pays this tax for the privilege of carrying on the express business in Ohio, and it is not concerned in the question as to *81 whether a like excise tax can be constitutionally laid upon domestic corporations for carrying on the. same business. It will be time enough to determine that question when complaint shall be made by some domestic corporation.
The tax is not laid on the gross receipts for the year 1894, but those receipts are taken as the standard by which to determine the amount of the excise tax to be paid for the privilege of doing business in the state for the year 1895.
The statute should be reasonably construed. And as the gross receipts are only those derived from business done wholly in this state, the deductions for payments to railroads should be for the carriage of the same business., The seventh item of the second section requires the company to make a statement of the amounts, ‘ ‘paid to therailroads within this state, for the transportation of its freight within this state.” “Its freight'''1 in the statute, me^ns the freight from which the g'ross receipts are realized, that is, the business done wholly within the state, and it is the amount paid for the transportation of this freight, that is required to be deducted from the gross receipts. The statute is positive in its requirements of a penalty, in case the tax is not paid during the month of November, and the courts below did not err in obeying the statute.
The records in the American Express Company and in the United States Express Company, against The State., being the same as the record in this ease, this opinion will also apply to those cases.

Judgment affirmed.